UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON.
AT TACOMA.

20-CV-1497-JLR-MAT

| | |
|---|---|
| JOSEPH LOCHUCH EWALAN PRO SE, PLAINTIFFS V STATE OF WASHINGTON DEFENDANTS. 10/07/2020 | CASE No: NOTICE OF WRITE HEARES CORPS PETITION 28 U.S.C SECTION 2254. PENDING MOTION CVR 7.8(b) TO VACATE JUDGMENT AND SENTENCE IN WASHINGTON SUPERIOR COURT SNOHOMISH COUNTY CASE No. 15-1-02626-1 |

TO: WASHINGTON STATE.
TO: CLERK OF THE COURT.

COMES NOW Mr. EWALAN "PLAINTIFFS" TO MOVE THIS HONORABLE COURT TO GRANT THE ABOVE MOTION, PENDING MOTION CVR 7.B(b) OUT COME IN WASHINGTON SUPERIOR COURT, OF SNOHOMISH COUNTY. PETITIONER IS CONFINED AT WASHINGTON STATE PENITENTIARY IN THE COUNTY OF WALLA WALLA. COMMENCED CURRENT CASE FILING PRO SE PETITION FOR WRITE OF HABEAS CORPS PURSUANT TO 28 U.S.C SECTION 2254. PETITIONER ASSERTS ALL TWELVE (12) ISSUES HE RAISES.

(1) BACKGROUND.
PETITIONER IS CURRENTLY SERVING 183 MONTHS

1 of 7

SENTENCE IN THE WASHINGTON STATE PENITENTIARY, WALLA WALLA ON JULY 15, 2016. PETITIONER WAS CONVICTED OF FIRST DEGREE ASSAULT DOMESTIC VIOLENCE WITH A FIREARM. ON 8/9/2016 PETITIONER FILED NOTICE OF APPEAL OF JUDGMENT AND SENTENCE. SEE A COPY OF NOTICE OF APPEAL. EXHIBIT (1) PETITIONER APPEALED HIS CONVICTION WITH WASHINGTON COURT OF APPEALS DIVISION ONE (1). AFFIRMED HIS CONVICTION IN UNPUBLISHED OPINION ON 8/4/2018. SEE ATTACHED OPINION. EXHIBIT TWO (2). PETITIONER THE SOUGHT REVIEW BY THE WASHING SUPREME COURT. WHICH DENIED THE PETITION WITHOUT COMMENTS. ATTACHED IS A COPY TO DENY. EXHIBIT THREE (3). ON 9/5/2018. COURTS OF APPEALS ISSUED CERTIFICATE OF FINALCY ON 9/21/2018. PETITIONER THEN FILED A WRITE OF CERTIORARI TO THE UNITED STATES SUPREME COURT ON ONLY ONE ISSUE: LESSER INCLUDED OFFENSE. ON 12/10/2018. SEE: ATTACHED COPY. EXHIBIT FOUR (4) AT ABOUT FEBRUARY THE COURT ENTER AN ORDER DENYING PETITION. ON MARCH 25, 2019. PETITIONER FILED PERSONAL RESTRAINT PETITION "PRP" AND ON 04/04/2019. FILED SUPPLEMENTAL BRIEF ENTITLED VIOLATION OF CONFRONTATIONAL CLAUSE. SEE ATTACHED COPY EXHIBIT FIVE (5) COURTS OF APPEALS "PRP" ON NOVEMBER 25, 2019. COURTS OF APPEALS ACTING CHIEF JUDGE DISMISSED THE PETITION. THE PETITIONER FILED DISCRETIONARY REVIEW WITH WASHINGTON SUPREME COURT. 12/25/2019. THE COURT ENTERED RULING DENYING THE PETITION ON 04/08/2020. PETITIONER SOUGHT REVIEW OF COMMISSION RULING. TO MODIFICATION ON JUNE 3, 2020.

THE COURT ENTERED AN ORDER DENYING PETITION; BUT REALIZED MR. EWALAN HAD FILED MOTION ADDITIONAL EVIDENCE UNDER RAP 9.11, WHICH WAS OMITTED IN CLERK OFFICE NOT INTENTIONAL THOUGH.; HEARD THE CASE, BUT DENIED THE MOTION ON JULY 7, 2020. SEE ATTACHED ORDER EXHIBIT SIX (6) ON 8/12/2020 THE COURT ISSUED CERTIFICATE OF FINALITY.

ON 8/21/2020. PETITIONER FILED MOTION 7.8(b) TO VACATE JUDGMENT AND SENTENCE WITH WASHINGTON SUPERIOR COURT SNOHOMISH COUNTY. SEE EXHIBIT SEVEN (7) FILING COVER SHEET.

ON 8/25/2020. THE PROSECUTOR FILED MOTION OBJECTION TO CrR 7.8 MOTION HEARING.

SUGGESTING THE CASE TO BE REASSIGNED TO PRESIDING JUDGE ERICK LUCAS. AND THEY ARE FILING MOTION TO TRANSFER THE PRP PETITION AS PERSONAL RESTRAINT PETITION TO COURTS OF APPEALS FOR CONSIDERATION. SEE EXHIBIT EIGHT (8) MOTION TO OBJECT HEARING. AND COUNSEL APPOINTMENT

ON 8/31/2020. PETITIONER FILED MOTION OPPOSING STATE MOTION OBJECTING HEARING, AND APPOINTMENT OF COUNSEL. ON 9/23/2020. AFTER THE COURT REASSIGNED THE CASE TO JUDGE ERIC LUCAS. THE STATE FILED MOTION TO TRANSFER MR. EWALAN MOTION FOR RELIEF FROM JUDGMENT WILL BE HEARD WITHOUT ORAL ARGUMENT 10/12/2020. HENCE TRANSFER TO COURTS OF APPEALS AS PERSONAL RESTRAINT PETITION. SEE COPY OF THE MOTION.

PETITIONER-EWALAN-FILED MOTION TO DISQUALIFY JUDGE ERIC LUCAS UNDER PREJUDICE RCW 4.12.04.05

(2) STATUTE OF LIMITATION:

A STATE PRISONERS SEEKING RELIEF MUST FILE PETITION WITHIN ONE YEAR OF THE DATE ON WHICH THE JUDGMENT BECOMES FINAL BY THE CONCLUSION OF DIRECT APPEAL OR THE EXPIRATION OF THE TIME FOR SEEKING SUCH REVIEW, THE STATUTE OF LIMITATION IS TOLD DURING THE PERIOD WHEN PETITIONERS PROPERLY FILED APPLICATION FOR COLLATERAL REVIEW IS PENDING IN STATE COURT. SEE: Pace V. DiGuglielmo, 544 U.S. 408, 25 S.Ct. 1807, 161 L.Ed.2d 669 (2005) AS SUCH, THE STATUTE OF LIMITATION RUNS FROM THE DATE AFINAL JUDGMENT IS ENTERED IN STATE COURT AND THE TIME OF DIRECT REVIEW HAS EXPIRED, AND IS TOLLED ONLY OF PETITIONER SEEKS OTHER REVIEWS IN STATE HIGHEST COURT.

THE ONE YEAR LIMITATION PERIOD TOLLED FOR PROPERLY FILED COLLATERAL STATE CHALLENGE TO THE STATE CONVICTION 28 U.S.C. SECTION 2254(d)(2) PETITIONER CASE BACKGROUND ONE(1) CLEARLY ESTABLISHES HOW THE TIME TOLLED WHILE PURSUING HIS CASE, THROUGH UP UNTIL THE TIME THE WASHING STATE SUPREME COURT DENYING REVIEW AND APPEALS COURT ISSUING ANOTHER FINAL CERTIFICATE OF FINALITY ON 8/12/2020.

A PROVISION OF THE ANTITERRORISM AND EFFECTIVE DEATH PENALTY ACT OF 1996 (AEDPA) (28 U.S.C.S. SECTION 2244(d)(1). (1) ESTABLISHES ONE YEAR STATUTE OF LIMITATIONS FOR A STATE PRISONERS FILING OF FEDERAL HABEAS CORPS PETITION, HOWEVER ANOTHER "AEDPA" PROVISION (28 U.S.C.S. 2244 (d)(2), THIS LIMITATION PERIOD WAS TO BE TOLLED WHILE "PROPERLY FILED" APPLICATION FOR STATE POST-CONVICTION

4 OF 7

or other collateral review with respect to pertinent judgment or claim was pending. For the purposes of the Antiterrorism and Effect Death Penalty Act of 1996, 28 U.S.C.S. Section 2244(d) the time for exhaustion of state remedies must be tolled for entire period in which petitioner is appropriately pursuing and exhausting his state remedies, the statute of limitations of Antiterrorism and Effect Death Penalty Act of 1996, 28 U.S.C.S. Section 2244(d) is tolled for all or the entire time during which a state prisoner is attempting, through proper use of state court procedure, to exhaust state court remedies with regards to a particular post-conviction application. One of the most venerable doctrine in federal habeas corpus jurisprudence [1999 U.S. App. Lexis 2] is that a state prisoner must fully and fairly present his/her claims to state courts before seeking federal habeas relief. See Ex parte Hawk, 321 U.S. 114, 116-17, L.Ed. 572, 64 S.Ct. 448 (1944), Ex parte Royall, 117 U.S. 241, 252-53, 29 L.Ed. 868, 6 S.Ct. 734 (1886) The rule was first codified in 1948, See Felker v. Turpin, 518 U.S. 651, 662 n.4, 135 L.Ed.2d 827, 116 S.Ct. 2333 (1996) and adopted in its present form by Congress in the Antiterrorism and Effect Death Penalty Act of 1996 (AEDPA) See 28 U.S.C.A. Section 2254(b)(1) (West Supp. 1999) Mr. Ewalan, petitioner is not barred by the

STATUTE OF LIMITATION NOR HAS HE NOT EXHAUSTED STATES COURT REMEDIES. Mr. EWALAN PETITIONER MOTION OF HABEAS CORPUS NOTICE PENDING MOTION CRR 7.8(b) TO VACATE JUDGMENT AND SENTENCE BEFORE PROCEEDING WITH HABEAS CORPUS, IS DESIGNED TO FOR FULFIL, THIS STATEMENT. BEFORE A STATE PRISONER FILES A FEDERAL HABEAS CORPUS PETITION, HE MUST GIVE THE STATE COURT ONE FULL OPPORTUNITY TO RESOLVE ANY CONSTITUTIONAL ISSUES BY ENVOKING ONE COMPLETE ROUND OF THE STATES ESTABLISHED APPELLATE REVIEW PROCESS. TOLLING THE FEDERAL STATUTE OF LIMITATIONS WHILE THE STATE PRISONERS PROPERLY ADHERING TO EXHAUSTION REQUIREMENTS REINFORCES THE ORDERLY PRESENTATION OF CLAIMS TO THE APPROPRIATE STATE TRIBUNALS AND OBVIATES THE NEED FOR FEDERAL ACTION PROMPTED BY THE STATUTE OF LIMITATIONS UNDER ANTITERRORISM AND EFFECTIVE DEATH PENALTY ACT OF 1996, 28. U.S.C.S. SECTION 2244(d).

THE STATE PROSECUTION DESPERATE ATTEMPT TO BLOCK MOTION 7.8(b) HEARING AND APPOINTMENT OF COUNSEL IS WELL LAYED-OUT IN PETITION PAGE 2-14 AND ON GROUND ONE THROUGH TWELVE (12). THE STATE KNEW AND AWARE THEY CONVICTED Mr. EWALAN BASED ON TAINTED EVIDENCE OF U.S. NAVY LIEUTENANT BARRATTS, INCONSISTENT, MISLEADING AND FALSE TESTIMONY OF UNAVAILABLE WITNESS. AND USE DECEPTION IN CHRISSY 911 CALL THAT WAS EXCLUDED AS PRE-TRIAL, BUT PLAYED IT TO AROUSE JURIES EMOTION WITHOUT EVER FILING MOTION OF ADMISSION INTO EVIDENCE. THAT IS WHY THEY OPPOSE COUNSEL APPOINTMENT

6 OF 7

AND OPPOSING ANY ORAL ARGUMENT IN AN OPEN COURT, WORRIED THEIR SCHEMES WOULD BE DISCOVERED AND THE CASE VACATED. IF THE STATE USED DUE PROCESS TO CONVICT MR. EWALAN, WHY THEN OPPOSE ANY HEARING AND COUNSEL'S APPOINTMENT. THEY KNOW WASHINGTON APPEALS COURT DISMISSES MOST OF THE STATE PRISONERS PERSONAL RESTRAINT PETITION. AND TWO (2) THE STATE WANTS TO CONTINUE KEEPING MR. EWALAN UNLAWFULLY IN PRISON.

MR. EWALAN DID NOT INJURE ANYBODY NOT EVEN BRUISE, HE HAD NO CRIMINAL RECORDS, THE STATE SENT HIM TO PRISON. HE WAS ATTACKED, SUFFERED BRAIN INJURY PERMANENTLY. THE CASE IS IN WESTERN DISTRICT COURT CASE NO. 3:20-CV-05673-JLR-TLF.

MR. EWALAN IS ASKING THE COURT TO GRANT PETITION AND ISSUE NOTICE PENDING MOTION 7-8 IN WASHINGTON SUPERIOR COURT SNOHOMISH COUNTY.

ATTACHED IS AFFIDAVIT OF DECLARATION.

I HEREBY CERTIFY THAT ON 10/07/2020, I SUBMITTED A COPY OF THE FOREGOING DOCUMENT TO LAW LIBRARIAN OF WASHINGTON STATE PENITENTIARY FOR ELECTRONIC FILING.

RESPECTFULLY

*[signature]*

JOSEPH LOCHUEN EWALAN
DOC# 392824
WASHINGTON STATE PENITENTIARY, 1313 N. 13th AVE
WALLA WALLA, WA 99362.

7 OF 7.