UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

JOSEPH LOCHUCH EWALAN,

          Petitioner,

   v.

DON HOLBROOK,

          Respondent.

Case No. C20-01497-JLR-SKV

REPORT AND RECOMMENDATION

     This is a federal habeas action proceeding under 28 U.S.C. § 2254. This matter comes before the Court at the present time on Petitioner's "motion to expedite release" pending resolution of his § 2254 petition. Dkt. 44. Respondent has filed a response in opposition to Petitioner's motion, Dkt. 46, and Petitioner has filed a reply in support of his motion, Dkt. 48. Petitioner also subsequently filed two additional documents entitled "motion: re-reply to respondent's answer to the motion to expedite petitioner's release from custody" and "re-reply to response to motion for writ, motion to expedite, motion in support of writ to release/supplement amended habeas writ." Dkts. 53, 54. Both documents appear to contain some additional argument related to Petitioner's "motion for expedited release" but do not appear to request any new or additional relief. Dkt. 53; Dt. 54, at 18. Accordingly, the Court recommends that the motion designation on the document entitled "motion: re-reply to respondent's answer to the

REPORT AND RECOMMENDATION - 1

1  motion to expedite petitioner's release from custody", Dkt. 53, be stricken.  The Court notes that
2  although these additional filings, Dkts. 53, and 54, were not requested by the Court, the Court
3  has considered them in evaluating Petitioner's "motion to expedite release", Dkt. 44.  The Court,
4  having reviewed Petitioner's motion, all briefing of the parties, and the balance of the record,
5  further concludes that Petitioner's "motion to expedite release", Dkt. 44, should be denied.

6                                          BACKGROUND

7       Petitioner challenges in this action a 2016 judgment and sentence of the Snohomish
8  County Superior Court.  *See* Dkt. 35-1, Ex. 1.  More specifically, Petitioner challenges his
9  conviction for assault in the first degree – domestic violence.  *Id.*  Respondent has filed an
10 answer and relevant portions of the state court record.  Dkts. 34, 35.  Petitioner has also filed a
11 motion seeking an order from the Court directing Respondent to file additional portions of the
12 state court record and Respondent has opposed that motion.  Dkts. 39, 41.  Petitioner has also
13 filed two motions which appeared to seek to include additional arguments, case law, and
14 potentially new claims in support of his federal habeas petition.  Dkts. 43, 45.  At the Court's
15 direction, Respondent filed a response to Petitioner's motions.  Dkts. 50, 52.  The Court re-noted
16 these motions and Respondent's answer to the habeas petition to October 15, 2021.  Dkt. 50.  On
17 September 8, 2021, Petitioner filed the instant "motion to expedite release" seeking release from
18 custody pending resolution of his federal habeas petition.  Dkt. 44.  Respondent has filed a
19 response opposing the motion and Petitioner has filed a reply.  Dkt. 46, 48.[1]  Petitioner also
20 subsequently filed two additional documents entitled "motion: re-reply to respondent's answer to
21 the motion to expedite petitioner's release from custody", Dkt. 53, and "re-reply to response to
22 motion for writ, motion to expedite, motion in support of writ to release/supplement amended
23

---

[1] Petitioner's other motions and the habeas petition, Dkts. 13, 39, 43, 45, will be addressed in a separate Report and Recommendation.

REPORT AND RECOMMENDATION - 2

1  habeas writ", Dkt. 54, which the Court has considered in evaluating Petitioner's "motion to
2  expedite release", Dkt. 44.

3                                    DISCUSSION

4       The Ninth Circuit has recognized that release of a federal habeas petitioner is authorized
5  after a decision on the merits has been rendered in the district court and the case is pending
6  appeal.  *See Marino v. Vasquez*, 812 F.2d 499 (9th Cir. 1987).  However, the question of whether
7  a district court has the authority to grant bail *prior* to issuance of a final decision on a federal
8  habeas petition has never been conclusively answered by the Ninth Circuit.  *See In re Roe*, 257
9  F.3d 1077 (9th Cir. 2001).  District courts within the Ninth Circuit have come down on both
10 sides of the issue.  *See United States v. Carreira*, 2016 WL 1047995 (D. Haw. Mar. 10, 2016)
11 (declining to address the merits of petitioners' bail requests pending disposition of motions
12 seeking collateral relief in the absence of definitive guidance from the Ninth Circuit regarding
13 the scope of a district court's bail authority); *Hall v. San Francisco Superior Court*, 2010 WL
14 890044 (N.D. Cal. Mar. 8, 2010) (concluding, based on overwhelming authority from other
15 circuit courts, that it possessed the authority to release a state prisoner on bail pending a decision
16 on the merits of his federal habeas petition).

17      Given the absence of clear authority, and the divergence of views on this issue, this Court
18 is reluctant to conclude that release on bail is never appropriate while a federal habeas petition
19 remains pending in the district court.  The Court therefore assumes, as have other courts, that
20 release may be granted pending a final determination of a federal habeas petition in the district
21 court in extraordinary cases.  *See In re Roe*, 257 F.3d at 1080; *Lands v. Deeds*, 878 F.2d 318 (9th
22 Cir. 1989); *see also Fields v. Baker*, 2020 WL 1914814 (D. Nev. Apr. 20, 2020); *Phea v.*
23 *Pfeiffer*, 2020 WL 1892427 (E.D. Cal. Apr. 16, 2020).  Extraordinary cases are ones which

REPORT AND RECOMMENDATION - 3

involve a high probability of success and the presence of special circumstances. *See Aronson v. May*, 85 S. Ct. 3 (1964); *Benson v. California*, 328 F.2d 159 (9th Cir. 1964).

The Court first notes that Petitioner's motion appears to seek release under the Bail Reform Act, citing 18 U.S.C. § 1342. Dkt. 44, at 1-2. However, Petitioner is a state prisoner, not a federal prisoner, and the Bail Reform Act's provisions do not apply to him. *See* 18 U.S.C. §3142; *Tierney v. Hawaii*, No. 1:13-CV-00132 LEK, 2013 WL 1195290, at *2 (D. Haw. Mar. 21, 2013) ("Tierney is not a federal prisoner and the Bail Reform Act's provisions do not apply to him or to challenges to his state sentence."). Accordingly, Petitioner's request for relief on that basis should be denied.

Even construing Petitioner's request for release under the above standard, Petitioner fails to demonstrate he is entitled to relief. Petitioner argues generally that, based upon the arguments in his Petition, his habeas claims are meritorious. Dkt. 53, at 2. Respondent cites to the arguments raised in the answer to the petition and argues that Petitioner has not demonstrated a likelihood of success on the merits of his habeas petition. Dkt. 46. However, based upon a preliminary review of the rather extensive habeas petition and materials in the record, Petitioner has not established at this juncture that he is likely to succeed on the merits of his Petition.

Furthermore, even if Petitioner could show a likelihood of success on his petition, he fails to demonstrate that special circumstances exist such that Petitioner is entitled to immediate release from custody prior to resolution of his habeas petition. Petitioner argues that the COVID-19 pandemic renders his case an extraordinary one involving special circumstances. Dkts. 44, 53, 48, 54. In support of this argument, Petitioner argues that he is particularly vulnerable to severe forms of COVID-19 because of underlying conditions including a "heart condition", "liver problems", high blood pressure, and "low blood counts." Dkt. 44, at 3; Dkt.

REPORT AND RECOMMENDATION - 4

53, at 5.  Petitioner indicates he contracted and recovered from COVID-19 in December 2020, and that he still suffers unidentified side effects.  Dkt. 53, at 5.  Petitioner also indicates he sustained a brain injury from an assault by another prisoner in July 2017, and that he suffered a broken hand from another assault in October 2019, which he contends was not properly treated by medical staff.  Dkt. 44, at 3; Dkt. 53, at 3.  He further contends medical staff have refused to prescribe him vitamins K and C which he believes would help with his "low blood count."  Dkt. 44, at 4.

It is clear the COVID-19 pandemic is an extraordinary situation impacting the population at large in this country, including prisoners.  Petitioner asserts he has several preexisting health conditions which put him at higher risk of severe illness if he contracts COVID-19.  But beyond generalized descriptions of these conditions, Petitioner presents no medical evidence indicating the nature or severity of these conditions.  Moreover, even accepting Petitioner's assertions that he does have some preexisting health conditions, and that Petitioner may have some risk factors which may render him more vulnerable to serious forms of COVID-19, Petitioner's concerns do not weigh in favor of release.   Petitioner has not demonstrated that prison authorities are unable or unwilling to take, or have not taken, appropriate precautions to address the risks posed by COVID-19 to the prison population at this time.  Moreover, nothing in the record suggests that the DOC is unable to provide appropriate medical care to inmates who may be diagnosed with COVID-19 or that it would be unable to transport COVID-19 positive inmates who need additional medical support to local hospitals.  Petitioner's motion is based solely on speculation as to the risk he faces of contracting COVID-19 at the Washington State Penitentiary (WSP) and speculation as to the impact contracting the disease would have on his health.  Such speculation

REPORT AND RECOMMENDATION - 5

is insufficient to demonstrate that Petitioner's case is an "extraordinary" one involving "special circumstances."

Furthermore, the assaults by other prisoners Petitioner mentions in his motion occurred several years ago.[2] Although Petitioner argues generally that these assaults demonstrate prison staff are unable to protect him, he presents no specific evidence to indicate that his physical safety is currently in danger. Again, such speculation is insufficient to demonstrate that Petitioner's case is an "extraordinary" one involving "special circumstances." In sum, Petitioner has not alleged sufficient specific facts to demonstrate extraordinary or special circumstances.

## CONCLUSION

For the reasons set forth above, this Court recommends that the motion designation on the document entitled "motion: re-reply to respondent's answer to the motion to expedite petitioner's release from custody", Dkt. 53, be stricken. The Court further recommends that Petitioner's "motion to expedite release" pending disposition of his § 2254 petition, Dkt. 44, be denied. A proposed order accompanies this Report and Recommendation.

## OBJECTIONS

Objections to this Report and Recommendation, if any, should be filed with the Clerk and served upon all parties to this suit within **twenty-one (21) days** of the date on which this Report and Recommendation is signed. Failure to file objections within the specified time may affect your right to appeal. Objections should be noted for consideration on the District Judge's motions calendar for the third Friday after they are filed. Responses to objections may be filed

---

[2] The Court notes that Petitioner indicates these assaults are the subject of other ongoing litigation in this court but there is no evidence that prison staff have at this point been found to be at fault or liable with respect to these incidents or that there is an ongoing identifiable threat to Petitioner's health or safety. *See Ewalan v. Washington State Department of Corrections*, C20- 05678-JLR-TLF; *and see Ewalan v. St. Germain*, C21-05519-BJR-MLP.

REPORT AND RECOMMENDATION - 6

within **fourteen (14) days** after service of objections.  If no timely objections are filed, the matter will be ready for consideration by the District Judge on **December 3, 2021**.

Dated this 1st day of November, 2021.

*S. Kate Vaughan*

S. KATE VAUGHAN
United States Magistrate Judge

REPORT AND RECOMMENDATION - 7