UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

JOSEPH LOCHUCH EWALAN,

          Petitioner,

v.

DON HOLBROOK,

          Respondent.

Case No. C20-01497-JLR-SKV

ORDER DIRECTING RESPONDENT TO SUPPLEMENT ANSWER AND THE STATE COURT RECORD, SETTING BRIEFING SCHEDULE, AND RE-NOTING RESPONDENT'S ANSWER

This is a 28 U.S.C. § 2254 habeas action. Respondent has filed an Answer to the Petition and portions of the state court record and Petitioner has filed a response to the answer. The Court has reviewed the relevant pleadings and the state court record and concludes that additional briefing and supplementation of the record is necessary to resolve certain issues.

First, in the context of Grounds 1, 3, and 6, Petitioner contends that the McDonalds surveillance video footage introduced at trial contradicted the deposition testimony of Lieutenant Darrah that after the gunshot Petitioner took several steps toward the center of the parking lot and raised the gun in the direction of Ms. Mwaniki, and that Petitioner never holstered the weapon. *See* Dkt. 13, at 7-8, 22-23, 33. This claim is not directly addressed in Respondent's answer. Furthermore, neither the deposition testimony of Lieutenant Darrah nor the McDonald's

ORDER DIRECTING RESPONDENT TO
SUPPLEMENT ANSWER AND THE STATE
COURT RECORD, SETTING BRIEFING
SCHEDULE, AND RE-NOTING RESPONDENT'S
ANSWER - 1

surveillance footage was included in the state court record submitted to the Court. Accordingly, Respondent is directed to supplement his answer to address this issue and to supplement the state court record with any additional relevant portions of the state court record including (but not necessarily limited to) the entire deposition testimony of Lieutenant Darrah and, if necessary in light of the arguments raised in the supplemental answer, the relevant McDonald's surveillance footage.

Second, the Court finds additional briefing pertaining to Petitioner's claim that the admission of Lieutenant Darrah's videotaped deposition testimony violated the Confrontation Clause would be helpful to resolving that claim. Respondent is directed to submit additional briefing regarding the issue of waiver based on the failure to object at trial as well as clarifying whether Respondent is intending to argue this claim is procedurally defaulted. Respondent is also directed to submit additional briefing, with appropriate citations to the relevant state court record, on the merits of the Confrontation Clause claim, in particular, pertaining to the issue of the witnesses' unavailability.

Third, the Court notes that the record appears to be missing a full copy of Petitioner's "motion to vacate judgment and sentence, Snohomish County Cause No. 15-1-02626." *See* Dkt. 35, Ex. 26. The Respondent is directed to supplement the record with a fully copy of this motion.

The Court hereby ORDERS:

(1) On or before **February 8, 2022**, Respondent is directed to:

    a. Submit a supplemental answer addressing the above issues;

    b. Supplement the record with any additional relevant portions of the state court record including (but not necessarily limited to) the entire deposition testimony of

Lieutenant Darrah and, if necessary in light of the arguments raised in the supplemental answer, the relevant McDonald's surveillance footage; and

c. Supplement the record with a full copy of Petitioner's "motion to vacate judgment and sentence, Snohomish County Cause No. 15-1-02626." *See* Dkt. 35, Ex. 26.

(2) On or before **February 28, 2022**, Petitioner may file a response to the supplemental answer. **Petitioner's is advised that he should only address the issues addressed in Respondent's supplemental answer and that his response should not exceed the length of Respondent's supplemental answer.**

(3) On or before **March 4, 2022**, Respondent may file a reply.

(4) The Clerk is directed to re-note Respondent's answer for consideration to **March 4, 2022**.

(5) The Clerk is directed to send copies of this order to the parties and to the Honorable James L. Robart.

Dated this 20th day of January, 2022.

S. KATE VAUGHAN
United States Magistrate Judge

ORDER DIRECTING RESPONDENT TO SUPPLEMENT ANSWER AND THE STATE COURT RECORD, SETTING BRIEFING SCHEDULE, AND RE-NOTING RESPONDENT'S ANSWER - 3