UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

JOSEPH LOCHUCH EWALAN,

          Petitioner,

v.

DON HOLBROOK,

          Respondent.

Case No. C20-01497-JLR-SKV

ORDER ON MISCELLANEOUS MOTIONS

This is a 28 U.S.C. § 2254 habeas action. Petitioner has filed an amended petition in this matter, Respondent has filed an answer and Petitioner has filed a response to the answer. Dkts. 13, 34, 40. By order dated January 20, 2022, the Court directed the Respondent to supplement his answer on limited issues, set a schedule for additional briefing on those issues, and re-noted Respondent's answer to March 4, 2022. Currently pending before the Court are Petitioner's habeas petition, Dkt. 13, Petitioner's "motion to order defendants to produce court of appeal transcript", Dkt. 39, Petitioner's "motion for leave to expand record under Rule 7", Dkt. 58, Petitioner's "motion to expand record re two items," Dkt. 59, Petitioner "motion to grant additional memorandum of authority", Dkt. 64, and Petitioner's "motion for Washington Attorney General Opinions", Dkt. 65.

Respondent responded to Petitioner's "motion to grant additional memorandum of authority", Dkt. 64, and Petitioner's "motion for Washington Attorney General Opinions", Dkt. 65, indicating that it appeared Petitioner was attempting to supplement his existing claims with additional argument and case law and that, to the extent that was the case, Respondent did not object. Dkt. 66. However, Respondent indicated that to the extent Petitioner was attempting to raise new habeas claims, such a request should be denied as Petitioner had failed to properly move to amend and failed to include a copy of the proposed amended habeas petition as required by Local Rule 15. *Id.*

Upon reviewing the parties' submissions and the relevant record, the Court hereby ORDERS:

(1) The Court construes Petitioner's "motion to grant additional memorandum of authority", Dkt. 64, as a request to supplement his habeas petition with additional arguments and case law presented in support of *existing claims only*. Accordingly, Petitioner's motion, Dkt. 64, is GRANTED and the Court will consider any additional arguments and caselaw presented in his motion, Dkt. 64, in support of Petitioner's *existing claims* only.

(2) While somewhat unclear, Petitioner's "motion for Washington Attorney General Opinions", Dkt. 65, appears to be requesting opinions from the Washington State Attorney General's Office as well as a "request for comment" from the Washington State Supreme Court and Washington Court of Appeals related to findings by the state courts in his underlying state criminal proceedings. Petitioner cites no legal basis, nor is the Court aware of any, for the federal court in a habeas action to issue such directives to the state appellate courts or to the state Attorney General's Office. Accordingly, Petitioner's motion, Dkt. 65, is DENIED.

(3) Petitioner is advised that if he intends, in either of these motions, Dkts. 64, 65, to attempt to raise any *new claims* (in addition to the existing 14 claims in his amended habeas petition), he must file a proper motion to amend his habeas petition and include a proposed amended petition containing all grounds for relief.  *See* Local Rule 15.[1]

(4)  The Court notes that Petitioner has also filed a "motion to order defendants to produce court of appeal transcript", Dkt. 39, "motion for leave to expand record under Rule 7", Dkt. 58, and a "motion to expand record re two items," Dkt. 59, which are all noted for consideration on December 17, 2021.  As noted by the Court in previous orders, because the Court finds it appropriate to consider these motions, Dkts. 39, 58, 59, in considering the entirety of the habeas petition and the sufficiency of the record, the Clerk is directed to **re-note** Petitioner's motions, Dkts. 39, 58, and 59, to **March 4, 2022** for consideration with the habeas petition.

(5) The Clerk is directed to send copies of this order to the parties and to the Honorable James L. Robart.

Dated this 15th day of February, 2022.

*S. Kate Vaughan*
S. KATE VAUGHAN
United States Magistrate Judge

---

[1] Local Rule 15 provides, in relevant part:
> A party who moves for leave to amend a pleading, or who seeks to amend a pleading by stipulation and order, must attach a copy of the proposed amended pleading as an exhibit to the motion or stipulation.  The party must indicate on the proposed amended pleading how it differs from the pleading that it amends by bracketing or striking through the text to be deleted and underlining or highlighting the text to be added.  The proposed amended pleading must not incorporate by reference any part of the preceding pleading, including exhibits.

ORDER ON MISCELLANEOUS MOTIONS - 3