1
2
3
4
5
6
7

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

8   JOSEPH LOCHUCH EWALAN,

9                         Petitioner,          Case No. C20-01497-JLR-SKV

10         v.                                   ORDER ON MISCELLANEOUS
                                                MOTIONS
11   DON HOLBROOK,

12                         Respondent.

13

14         This is a 28 U.S.C. § 2254 habeas action.  This order addresses two motions currently

15   pending before the Court: Petitioner's "motion re respondent's disappearance without notice"

16   (Dkt. 72) and Petitioner's "motion to clarify what new issues do the respondent alleges petitioner

17   had raised" (Dkt. 77).[1]

18         Petitioner's "motion re respondent's disappearance without notice" (Dkt. 72) alleges

19   Respondent, Donald Holbrook, has "disappeared" and that Respondent's counsel failed to notify

20   Petitioner of this fact.  Petitioner attaches some correspondence from the Department of

21   Corrections to "DOC" and "WSP" "incarcerated individuals" that appears to relate to various

22   issues related to the COVID-19 pandemic, namely, testing, outbreaks, impacts on programs, and

23

---

[1] The Court notes that Petitioner's amended habeas petition (Dkt. 13) and several other related motions
(Dkts. 39, 58, 59) are also ripe for review and will be addressed by separate Report and Recommendation.

1    availability of N-95 respirators.  Dkt. 72.  Petitioner's motion appears to allude to the fact that

2    this correspondence is from other DOC officials, not the named Respondent.  *Id.*  However, the

3    fact that the Respondent's name is not on the attached correspondence does not demonstrate that

4    the Respondent has "disappeared."  Petitioner fails to explain how the fact that Respondent's

5    name is not on the attached correspondence is relevant at this point in the context of this habeas

6    action.  Furthermore, the Court cannot decipher any specific request for relief in Petitioner's

7    motion.  Accordingly, Petitioner's "motion re respondent's disappearance without notice" (Dkt.

8    72) is DENIED.

9            Petitioner's "motion to clarify what new issues do the respondent alleges petitioner had

10   raised" (Dkt. 77) appears to seek clarification with respect to the Court's February 15, 2022

11   order (Dkt. 75) addressing Petitioner's "motion to grant additional memorandum of authority"

12   (Dkt. 64) and Petitioner's "motion for Washington Attorney General Opinions" (Dkt. 65).

13   Petitioner's motion (Dkt. 77) is GRANTED.  The Court clarifies that neither the Court nor

14   Respondent have "alleged" Petitioner has raised new issues, but only that if Petitioner intended

15   to raise new claims (in addition to those alleged in his amended petition), in his prior motions

16   (Dkts. 64, 65) he must file a proper motion to amend.  *See* Dkt. 75.  The Court specifically refers

17   Petitioner to the relevant language in its February 15, 2022, order which states:

18           The Court construes Petitioner's "motion to grant additional memorandum of
             authority", Dkt. 64, as a request to supplement his habeas petition with additional
19           arguments and case law presented in support of *existing claims only*.  Accordingly,
             Petitioner's motion, Dkt. 64, is GRANTED and the Court will consider any additional
20           arguments and caselaw presented in his motion, Dkt. 64, in support of Petitioner's
             *existing claims* only.
21           […]
             Petitioner is advised that if he intends, in either of these motions, Dkts. 64, 65, to
22           attempt to raise any *new claims* (in addition to the existing 14 claims in his amended

23

habeas petition), he must file a proper motion to amend his habeas petition and include a proposed amended petition containing all grounds for relief.  *See* Local Rule 15.[2]

Dkt. 75.

In sum, as outlined above, Petitioner's "motion re respondent's disappearance without notice" (Dkt. 72) is DENIED and Petitioner's "motion to clarify what new issues do the respondent alleges petitioner had raised" (Dkt. 77) is GRANTED.

The Clerk is directed to send copies of this order to the parties and to the Honorable James L. Robart.

Dated this 28th day of March, 2022.

S. KATE VAUGHAN
United States Magistrate Judge

---

[2] [FN 1 in Court's Feb. 15, 2022 Order] Local Rule 15 provides, in relevant part:

> A party who moves for leave to amend a pleading, or who seeks to amend a pleading by stipulation and order, must attach a copy of the proposed amended pleading as an exhibit to the motion or stipulation.  The party must indicate on the proposed amended pleading how it differs from the pleading that it amends by bracketing or striking through the text to be deleted and underlining or highlighting the text to be added.  The proposed amended pleading must not incorporate by reference any part of the preceding pleading, including exhibits.

ORDER ON MISCELLANEOUS MOTIONS - 3