UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| JOSEPH LOCHUCH EWALAN, | CASE NO. C20-1497JLR |
| Petitioner, | ORDER |
| v. | |
| DONALD HOLBROOK, | |
| Respondent. | |

Before the court is a motion filed by *pro se* Petitioner Joseph Lochuch Ewalan in which he asks the Clerk to transmit to the U.S. Court of Appeals for the Ninth Circuit: (1) a transcript from Mr. Ewalan's direct criminal appeal to Division 1 of the Washington State Court of Appeals; and (2) a pretrial statement made by Lieutenant Andrew Darrah on the night of the incident that led to Mr. Ewalan's prosecution in state court. (*See* Mot. (Dkt. # 93).) Mr. Ewalan purports to make his motion pursuant to Ninth Circuit Rules 10-3 and 11-4. (*See id.*)

//

ORDER - 1

1      Circuit Rule 10-3 sets forth the applicable procedures for the parties to an appeal
2 to determine which portions of the district court transcript, if any, are necessary to decide
3 the issues on appeal.  *See* 9th Cir. R. 10-3.1.  Circuit Rule 11-4 provides, in relevant part,
4 that the Clerk "shall . . . transmit any state court records lodged or filed in" habeas
5 proceedings to the Ninth Circuit, unless those records are available on the district court's
6 electronic docket "or the district court determines that the notice of appeal was
7 prematurely filed." 9th Cir. R. 11-4.4.

8      Mr. Ewalan is not entitled to any relief with respect to the record on appeal,
9 however, because the court previously dismissed his habeas petition with prejudice and
10 denied a certificate of appealability.  (*See* 5/10/22 Order (Dkt. # 89); R&R (Dkt. # 85).)
11 To date, the Ninth Circuit has not determined whether a certificate of appealability should
12 issue.  (*See* Docketing Letter (Dkt. # 92) (noting that "[a] briefing schedule will not be set
13 until the court determines whether a certificate of appealability should issue").)  Thus, at
14 present, Mr. Ewalan has no right to appeal the court's denial of his habeas petition.  *See*
15 28 U.S.C. § 2253(c)(1)(A) (noting that "an appeal may not be taken to the court of
16 appeals from . . . the final order in a habeas corpus proceeding in which the detention
17 complained of arises out of process issued by a State court").

18      Moreover, even if the Ninth Circuit grants Mr. Ewalan a certificate of
19 appealability, neither Circuit Rule 10-3 nor 11-4 apply to the relief he seeks.  Those rules
20 govern the transmittal of information that was before the district court.  *See* 9th Cir. R.
21 10-3 (setting forth procedures for ordering transcripts of proceedings held before the
22 district court); *see also* 9th Cir. R. 11-4 (setting forth requirements for retention and

transmittal of state court records made part of the record before the district court). The records Mr. Ewalan wants the Clerk to transmit, however, were expressly not made part of the record before this court. (*See* Mot. at 1 (seeking transmittal of a transcript from the direct appeal of his underlying criminal case and Lieutenant Darrah's pretrial statement); *see also* Mot. to Expand Record (Dkt. # 59) (seeking to expand the record to include the same); R&R at 59-66 (recommending denial of Mr. Ewalan's motions to expand the record); 5/10/22 Order at 3 (adopting recommendation).) Accordingly, those records do not form part of the record on appeal and could not be transmitted by the Clerk. *See* Fed. R. App. P. 10(a) (describing items that constitute the record on appeal); *see also Vargas v. Howell*, 949 F.3d 1188, 1198 (9th Cir. 2020) (declining "to depart from the general rule that 'documents not filed with the district court cannot be made part of the record on appeal'" (quoting *Rudin v. Myles*, 781 F.3d 1043, 1057 n.18 (9th Cir. 2014))).

For the foregoing reasons, Mr. Ewalan's motion (Dkt. # 93) is DENIED.

Dated this 21st day of June, 2022.

JAMES L. ROBART
United States District Judge